UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE BRITTON YATES,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND J. BROWN, JR., et al.,<br><br>Defendants. | No. 2:14-cv-368-KJM-EFB P<br><br>ORDER GRANTING IFP AND FINDINGS AND RECOMMENDATIONS TO DISMISS PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in this civil action. In addition to filing a complaint, he has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

/////

/////

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.   Screening Order

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A.  It names California Governor Jerry Brown and the Department of Motor Vehicles as defendants.  Plaintiff states that he was convicted in 1986 for drunk driving.  He claims that the DMV is not accepting his CDCR certificates of completion for various substance abuse and alcohol programs.  In letters attached to the complaint, plaintiff suggests that his due process rights are being violated because the DMV is not allowing him to get his driver's license back.  As relief, plaintiff requests that the court order the DMV to accept his certificates of completion.

Plaintiff previously raised this claim against the same defendants in a prior lawsuit.  That complaint was dismissed for failure to state a claim upon which relief could be granted.  The court reasoned as follows:

> To obtain injunctive relief, a plaintiff must show, among other things that he is in immediate danger of sustaining some direct injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983).  Plaintiff does not allege, and it is not reasonable to assume, that plaintiff has been injured in any way by not having a valid driver's license while in prison. Moreover, plaintiff does not suggest that he will be released from prison during a time frame which could be considered "immediate" or that he will not be able to obtain a driver's license within a reasonable period of time after being released from prison. Because plaintiff has not alleged facts showing that there is an immediate threat of injury if the court does not order his driver's license reinstated at this time, he is not entitled to injunctive relief.
>
> In any case, nothing suggests plaintiff has been denied due process or unlawfully discriminated against. As for plaintiff's due process claim, at least one court has found that a prisoner has no freestanding right arising under the Due Process Clause to a driver's license. *See Dominique v. Weld*, 880 F. Supp. 928,

3

939 (D. Mass. 1995). This court sees no reason to depart from that ruling here. Plaintiff has failed to point to any authority in his complaint suggesting that he has a right arising under state law to a driver's license which is entitled to federal due process protection.

Any claim that plaintiff might have based upon discrimination would arise under the Equal Protection Clause under the Fourteenth Amendment. Generally speaking, if state action does not concern a fundamental right or target a suspect class, it will not be held to be a violation of the Equal Protection Clause as long as the action is rationally related to some legitimate end. *Romer v. Evans*, 517 U.S. 620, 632 (1996). Plaintiff does not have a fundamental right under the Constitution to operate a motor vehicle, *Miller v. Reed*, 176 F.2d 1202, 1206 (9th Cir. 1999), convicted felons are not members of a suspect class, *e.g. U.S. v. Wicks*, 132 F.3d 383, 389 (7th Cir. 1997) and it is rational for a state to not issue driver's licenses to prisoners since, absent some extraordinary circumstance, they are not free to drive a motor vehicle while imprisoned.

Under certain circumstances, the court would grant plaintiff further leave to amend in an attempt to cure these deficiencies in the first amended complaint. Because there appears to be no possibility of plaintiff stating any federal claim upon which he could proceed against the defendants identified in his amended complaint or that he could state a valid claim against any person based on the alleged denial of his recent application for renewal of his driver's license, this action will be dismissed.

*Yates v. DMV*, No. 2:10-cv-3133 (E.D. Cal), ECF No. 19 (Apr. 8, 2011 Order of Dismissal); *see also id.*, ECF No. 26 (June 29, 2011 Order of United States Court of Appeals) (summarily affirming district court's judgment and dismissing plaintiff's appeal as "so insubstantial as not to require further argument").

For these same reasons, this action must also be dismissed for failure to state a claim. Moreover, this action is plainly frivolous, as it merely repeats allegations that were previously rejected by both the district court and the appellate court. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

/////

/////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation, filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that the complaint be dismissed for failure to state a claim upon which relief may be granted and as frivolous and that the case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2014.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE